**Rance Douglas HOUSE, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defend-
ant in Error.**

**Nos. A–13808, A–13816.**

Court of Criminal Appeals of Oklahoma.

April 13, 1966.

Rance Douglas House, pro se.

Charles R. Nesbitt, Atty. Gen. of Oklahoma, for defendant in error.

BUSSEY, Presiding Judge.

Rance Douglas House was charged, tried and convicted of Carrying a Concealed Weapon After Former Conviction of a Felony. He was tried by jury who found him guilty and assessed his punishment at eight years in the State Penitentiary at McAlester. Judgment and sentence was pronounced in accordance with the verdict of the jury and a timely appeal has been perfected to this Court. Defendant was represented in all stages of the trial proceedings by members of the office staff of the Public Defender in and for Oklahoma County, Oklahoma, and although he did not request appointment of counsel or the assistance of counsel in perfecting his appeal to this Court, Mr. Don Anderson, one of the Public Defender in and for Oklahoma County, undertook to protect the defendant's rights in perfecting an appeal by procuring extensions of time within which to make, serve and settle the casemade and extensions of time within which to perfect the within appeal. The defendant, on his own behalf, has filed a casemade in this Court in A–13816, arising out of the same conviction as the within appeal, to which he has attached various instruments setting forth alleged assignments of error. The pleadings, assignments of error and record in A–13808 are consolidated in this opinion.

Noting that the defendant had not requested assistance of counsel to represent him on appeal, this Court on the 12th day of November, 1965, wrote the defendant and advised him of his right to be represented by counsel or to represent himself, and inquired of him as to what his desires

were in the matter. Mr. House replied to this letter but did not request the appointment of counsel. His letter only expressed confidence in the Court and his desire to rejoin his wife and four children. This case was set for oral argument on the 8th day of December, 1965. Mr. Don Anderson advised the Court that he had conferred with Mr. Bill Munger, Public Defender who represented House in the trial court, and that he had carefully examined the record of the trial proceedings and could find nothing upon which to urge this Court to reverse or modify the sentence imposed by the trial court.

The State of Oklahoma, by and through its Attorney General, after having examined the record in the instant case, deemed it unnecessary to file a brief and relied on the trial record. The situation here presented is neither new nor novel to this Court. Not infrequently are frivolous appeals filed for the sole purpose of delay. This is done by those able to employ counsel and indeed may be done by an indigent person at public expense, but the duty imposed upon the Public Defender under such circumstances is neither greater nor less than that imposed upon counsel of the appellant's choice. In neither instance are they required to seek reversal or modification of conviction upon grounds which, as members of the Bar, they know to be frivolous and without merit.

In the instant case, the uncontroverted evidence is that the defendant was arrested on the 4th day of March, 1965, in Oklahoma County by officers of the Oklahoma City Police Department in a house which he was burglarizing. The officers searched him and found an automatic pistol in his right pocket and a clip of ammunition was found in his left pocket. The uncontroverted evidence is that the defendant had previous convictions of the crimes of Attempted Burglary in the Second Degree in the District Court of Oklahoma County, case #25056 and Burglary in the Second Degree in the District Court of Oklahoma County, case #26470. The trial court carefully and

meticulously instructed the jury and the punishment imposed is well within the range provided by law.

Our examination of the record leads us to conclude that the defendant was fairly tried and convicted and that there is no error which would justify or warrant a modification or reversal of this cause. The judgment and sentence appealed from is

Affirmed.